UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CHARITY STAMPLEY                :          DOCKET NO. 2:18-cv-1640

VERSUS                          :          UNASSIGNED DISTRICT JUDGE

ALLERGAN USA, INC.              :          MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is an unopposed Motion to Dismiss [doc. 6] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Allergan USA, Inc. ("Allergan"). The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

This motion relates to a suit filed by Stampley under Louisiana tort law, based on injuries she received from allegedly defective breast implants. *See* doc. 1, att. 1, pp. 2–8. Specifically, Stampley alleges that she received a breast augmentation with NATRELLE saline implants manufactured by Allergan in 2010. *Id.* at 2. She underwent a second operation to replace a defective implant around September 2014, after noticing a loss in size to her right breast. *Id.* at 2–3. Through this operation the original implants were replaced with Style 68MP NATRELLE Saline-Filled Breast Implants, also manufactured by Allergan. *Id.* at 3. In January 2017, she began experiencing chest pain and numbness in her upper extremities. *Id.* She underwent medical treatment and testing with various physicians as her symptoms continued. *Id.* Around October 2017, she began to suspect that her implants might be causing her symptoms. *Id.* This suspicion

was confirmed on November 14, 2017, when she was diagnosed with infected breast implants, a defective right breast implant, and related conditions. *Id.* The diagnosis was confirmed after an explant procedure on November 17, 2017, and the implants showed signs of mold and bacterial growths that had accumulated while they were in the plaintiff's body. *Id.* at 3–4. Since that time, Stampley maintains that she has continuously sought medical treatment for "residual issues of the defective implant, including but not limited to autoimmune defect, leaky gut, and the need for liver detoxification and pain management." *Id.* at 4.

On October 24, 2018, Stampley brought suit against Allergan in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. *Id.* at 2–8. There she asserted claims for products liability under the Louisiana Products Liability Act, Louisiana Revised Statute § 9:2800.51 *et seq.*, and negligent infliction of emotional distress. *Id.* Allergan removed the matter to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. Allergan now moves to dismiss the complaint, asserting that the claims are preempted by federal law and that Stampley also fails to adequately support her claims. Doc. 6. Stampley does not oppose the motion.[1]

## II.
### MOTION TO DISMISS STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008)

---

[1] After the motion to dismiss was filed, Stampley's counsel moved to withdraw. Doc. 8. The court granted the motion to withdraw and set a new deadline for Stampley, proceeding pro se, to file any opposition to the motion to dismiss. Doc. 10. That deadline has now passed, and Stampley has not filed any response or request for an extension of the court's time limit.

unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor will a complaint suffice if it tends naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (cleaned up). Instead, the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III.
#### APPLICATION

Allergan first argues that Stampley's claims should be dismissed because they are preempted by federal law. Preemption serves as a basis for dismissal under Rule 12(b)(6), and the court may take judicial notice of publicly available government records to this end. *See, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 782–83 (5th Cir. 2011); *Yosowitz v. Covidien LP*, 182 F.Supp.3d 683, 687–88 (S.D. Tex. 2016). Accordingly, we first analyze this argument to determine if the

claims should survive and take judicial notice of the Food and Drug Administration ("FDA") records cited by Allergan.

### A. *Legal standards*

Under the Medical Devices Amendments ("MDA") to the Food, Drugs, and Cosmetics Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, Congress "imposed a regime of detailed federal oversight" on medical devices through the FDA. *Riegel v. Medtronic, Inc.*, 128 S.Ct. 999, 1003–04 (2008). Within this regime devices are divided into three different classes (Class I, Class II, and Class III) based on the level of oversight required. Class III devices require the most oversight and must undergo a rigorous premarket approval ("PMA") process before they can be introduced to the market. *Id.*

The MDA contains an express preemption provision, which prohibits states from establishing any requirement for a medical device that is different from, or additional to, the requirements set forth in the MDA and that "relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device."[2] *Yosowitz*, 182 F.Supp.3d at 689 (quoting 21 U.S.C. § 360k(a)). State law tort claims based on injuries allegedly caused by medical devices are preempted under this statute if "(1) the Federal Government has established requirements applicable to the device; and (2) the claims are based on state-law requirements that are different from, or in addition to the federal ones, and that relate to safety and effectiveness."

---

[2] The Supreme Court also recognizes implied preemption under 21 U.S.C. § 337(a), which states that, except for certain exceptions, "all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." *Buckman Co. v. Plaintiffs' Legal Comm.*, 121 S.Ct. 1012, 1017–19 (2001). Accordingly, an individual may not bring "a freestanding federal cause of action based on violation of the FDA's regulations." *Hughes v. Boston Sci. Corp.*, 631 F.3d 762, 775 (5th Cir. 2011). This doctrine, however, applies primarily to claims that assert a fraud upon the FDA rather than claims based on traditional state tort principles. *E.g.*, *Gavin v. Medtronic, Inc.*, 2013 WL 3791612, at *4–*5 (E.D. La. Jul. 19, 2013). Allergan only asserts express preemption, and makes no claim of implied preemption under § 337(a). *See* doc. 6, att. 1. A review of the complaint reveals that the claims are solidly grounded in state tort law and do not attack the relationship between the Allergan and the FDA. Accordingly, we only consider express preemption under § 360k(a) as described above.

*Bass v. Stryker Corp.*, 669 F.3d 501, 507 (5th Cir. 2012) (quoting *Riegel*, 128 S.Ct. at 1006–07) (cleaned up).

Devices approved through PMA procedures automatically satisfy the first prong. *Id.* Under the second prong, a state law claim survives preemption only if it is premised on breach of a state-law duty that is the same as one imposed under federal law or regulation. *Wildman v. Medtronic, Inc.*, 874 F.3d 862, 867 (5th Cir. 2017) (citing Daniel W. Whitney, *Guide to Preemption of State-Law Claims Against Class III PMA Medical Devices*, 65 FOOD & DRUG L.J. 113, 120 (2010)). Express preemption is aimed at avoiding inconsistent regulation at the state and federal levels, but these provisions do not prevent a plaintiff from bringing a state law claim that is actually premised on violation of FDA regulations. *Schouest v. Medtronic, Inc.*, 13 F.Supp.3d 692, 700 (S.D. Tex. 2014). "A state requirement is parallel to a federal requirement, and thus not expressly preempted . . . if the plaintiff shows that the requirements are genuinely equivalent. State and federal requirements are not genuinely equivalent if a manufacturer could be held liable under the state law without having violated federal law." *Id.* (internal quotations omitted).

### B. Application

The implants at issue are Class III devices and were granted premarket approval. Doc. 6, att. 1, pp. 14–15; *see* doc. 6, att. 2 (PMA letter).[3] Accordingly, the first prong of the preemption test outlined in *Riegel*, supra, is satisfied.

Under the second prong, as Allergan asserts, the Fifth Circuit and numerous district courts therein have repeatedly affirmed that the Louisiana Products Liability Act ("LPLA") imposes standards different from or additional to FDA requirements. *See Gomez v. St. Jude Med. Daig Div.*

---

[3] The letter was sent to a vice president of Allergan's predecessor on May 10, 2000, and describes the implant's approval as well as the limits on any device design changes after PMA. Doc. 6, att. 2. A PMA approval letter is among the types of publicly available FDA records covered by our judicial notice under this motion. *See Yosowitz*, 182 F.Supp.3d at 687 & n. 11 (describing various FDA documents of which the court took judicial notice).

*Inc.*, 442 F.3d 919, 930 (5th Cir. 2006); *Sons v. Medtronic, Inc.*, 915 F.Supp.2d 776, 780–84 (W.D. La. 2013); *Parra v. Coloplast Corp.*, 2017 WL 24794, at *3–*4 (E.D. La. Jan. 3, 2017); *Skinner v. St. Jude Med., Inc.*, 2016 WL 4054931, at *2–*3 (W.D. La. Jul. 27, 2016); *Lasalle v. Pappas*, 2013 WL 1130726, at *1–*2 (E.D. La. Mar. 18, 2013).

In her LPLA claims, Stampley alleges that the second set of implants was unreasonably dangerous (1) under Louisiana Revised Statute § 9:2800.55 because it deviated in a material way from the manufacturer's specifications, and (2) under Louisiana Revised Statute § 9:2800.56 because "[t]here existed an alternative design for the product that was capable of preventing the claimant's damage." Doc. 1, att. 1, pp. 4–7 As in *Parra*, however, Stampley fails to connect her claim to any federal design or manufacturing requirement. 2017 WL 24794 at *3. Such a failure is fatal to the LPLA claims, because plaintiffs cannot show that they rely on parallel requirements for these FDA-regulated devices. *Id.* (citing *Rodriguez v. Am. Med. Sys., Inc.*, 597 Fed. App'x 226, 230 (5th Cir. 2014)); *see also McBride v. Medtronic, Inc.*, 2013 WL 3491085, at *3–*4 (W.D. La. Jul. 10, 2013) (same).

As for Stampley's negligent infliction of emotional distress, this claim is based on the distress Stampley suffered because Allergan allegedly "acted negligently in the manufacturing process of the NATRELLE Saline-Filled Breast Implants." Doc. 1, att. 1, p. 7. As Allergan observes, this claim is dependent on a showing of negligence under state law. *See, e.g.*, *Covington v. Howard*, 146 So.3d 933, 937 (La. Ct. App. 2d Cir. 2014). Accordingly, the dismissal of Stampley's underlying LPLA claims as preempted means that her emotional distress claim likewise fails to state a claim on which relief can be granted. *E.g.*, *Carlson v. Medtronic Inc.*, 2014 WL 11514911, at *6 (S.D. Miss. Aug. 28, 2014). Because Stampley has not opposed this motion or sought leave to amend her complaint, there is no basis for granting her extra time to attempt to

cure the deficiencies described above. Instead, all claims raised herein should be dismissed with prejudice and the court need not consider the other bases for dismissal raised.

## IV.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE